1  **EDUARDO M. MADRID, ESQ.** (State Bar No. 82395)
   Email: Ed@madridlawfirm.com
2  **ERICA L. MADRID, ESQ.** (State Bar No. 229327)
   Email: Erica@madridlawfirm.com
3  **MADRID LAW FIRM,** A Professional Law Corporation
   12612 Central Avenue
4  Chino, California 91710
   Telephone: (909) 628-0068; Facsimile: (909) 628-0067
5
   Attorney for Plaintiff, SAUL MIRANDA
6
                    **UNITED STATES DISTRICT COURT**
7
                    **CENTRAL DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| SAUL MIRANDA, | ) Case No.:   8:21-cv-00007 |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; STATE CIVIL RIGHTS; ASSAULT AND BATTERY; FALSE ARREST; NEGLIGENCE; NEGLIGENT HIRING, TRAINING AND/OR RETENTION OF UNFIT EMPLOYEE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| CITY OF SANTA ANA; SANTA ANA POLICE DEPARTMENT; POLICE OFFICER B. SHANE (#3327), individually and in his official capacity as a police officer with the City of Santa Ana and Santa Ana Police Department; POLICE OFFICER R. BELL (#3518), individually and in his official capacity as a police officer with the City of Santa Ana and Santa Ana Police Department. | ) **[42 U.S.C. SECTION 1983]** |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

21     COMES NOW, Plaintiff, SAUL MIRANDA, through his attorneys, Eduardo

22  M. Madrid, Esq. and Erica L. Madrid, Esq., of the Madrid Law Firm, a

23  Professional Law Corporation, and brings his complaint herein and alleges as

24  follows:

25

## THE PARTIES

1. At all times herein mentioned, plaintiff was, and now is, a resident of the County of Orange, State of California.

2. At all times herein mentioned, all individual public defendants named herein, and each of them, were residents of County of Orange State of California.

3. At all times herein mentioned, defendant, CITY OF SANTA ANA, was, and is, a political subdivision and municipal government, duly organized and existing under the laws of the State of California and in doing all of the things hereinafter mentioned, acted under color of their authority as such, and under color of the statutes, regulations, customs, and usages of the State of California.

4. At all times herein mentioned, defendant, SANTA ANA POLICE DEPARTMENT, was and is a law enforcement agency created by and on behalf of the CITY OF SANTA ANA, a municipal government, also named a defendant herein, to provide law enforcement services throughout the CITY OF SANTA ANA, pursuant to the laws of the State of California.   Pursuant to such authority and at all times herein mentioned, the SANTA ANA POLICE DEPARTMENT, and its officers, acted under color of their authority as such, and under color of the statutes, regulations, customs and usages of the State of California.

5. At all times herein mentioned, POLICE OFFICER B. SHANE, was a peace officer and/or police officer duly employed by the SANTA ANA POLICE DEPARTMENT, City of Santa Ana, California and acted individually and under color of his authority and under color of law, to

wit, the statutes, regulations, customs and usages of the State of California.

6.   At all times herein mentioned, POLICE OFFICER R. BELL, was a peace officer and/or police officer duly employed by the SANTA ANA POLICE DEPARTMENT, City of Santa Ana, California and acted individually and under color of his authority and under color of law, to wit, the statutes, regulations, customs and usages of the State of California.

7.   At all times herein mentioned, the defendants and each of them, were the agents and employees of their respective co-defendants, and in doing these things hereinafter alleged were acting within the course and scope of their agencies and with the permission and consent of their co-defendants, and at all times, acted individually and under color of authority.

## JURISDICTION AND VENUE

8.   Plaintiff, SAUL MIRANDA, hereby repeats and repleads paragraphs 1 through 7 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

9.   This Court has jurisdiction and venue pursuant to the following statutes:

   a.   Plaintiff bring this action under 42 U.S.C § 1983, violations of due process of law under the 4th and 14th Amendments of the United States Constitution.

   b.   28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    c.   28 U.S.C. §1343 (3) and (4), which gives the district court jurisdiction over actions to secure civil rights extended by the United States government;

    d.   28 U.S.C. § 1367, which gives the district court supplemental and ancillary jurisdiction over state law claims; and

    e.   This Court has concurrent jurisdiction pursuant to 28 U.S.C. §1343 and the case arises under 42 U.S.C. §1983 in that the Defendants, and each of them, while acting within the course and scope of their respective employment and acting under color of law violated the Civil Rights of the Plaintiff as will be hereinafter set forth.

10. Venue is appropriate in this judicial district under 28 U.S.C. 1391(b) because the events that gave rise to this Complaint occurred in this district, to wit, City of Santa Ana, County of Orange, State of California.

## GENERAL ALLEGATIONS

11. Plaintiff, SAUL MIRANDA hereby repeats and repleads paragraphs 1 through 10 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

12. On or about April 25, 2020, Defendant police officers B. SHANE and R. BELL unlawfully and wrongfully accosted, assaulted and battered, detained, handcuffed and falsely and wrongfully arrested plaintiff without a warrant and without probable cause.

13. At all times herein mentioned, the plaintiff had not committed any wrongdoing, violated any law and was acting in a law abiding manner. Plaintiff at all times herein mentioned never presented a threat to defendants and each of them at all whatsoever.

14. As a further and proximate result following the wrongful and unlawful assault and battery, the plaintiff was wrongfully and unlawfully detained, handcuffed, falsely arrested and taken into custody.

15. At all times herein mentioned, the Defendants and each of them, were the agents and employees of their respective Co-Defendants, and in doing these things hereinafter alleged were acting within the course and scope of the agency and with the permission and consent of their Co-Defendants, and at all times, acted individually and under color of authority.

16. At all times herein mentioned, Defendants, SANTA ANA POLICE DEPARTMENT and CITY OF SANTA ANA, were vicariously liable for all tortious and unconstitutional acts of omission or commission of Defendants police officers B. SHANE and R. BELL, pursuant to California State law that directly and proximately caused the unlawful search and seizure, assault and battery, false imprisonment, unlawful detention and ensuing unlawful arrest of Plaintiff herein.

17. The CITY OF SANTA ANA and the SANTA ANA POLICE DEPARTMENT maintained an unconstitutional official policy on detaining and arresting private citizens absent probable cause.

18. Plaintiff further claims and alleges that the injuries and damages sustained were directly caused by the deliberate indifference, a custom and practice, of Defendants, the CITY OF SANTA ANA and SANTA ANA POLICE DEPARTMENT in failing to provide adequate training to its police officers, including, but not limited to, Defendants police

COMPLAINT FOR CIVIL RIGHTS

officers B. SHANE and R. BELL with regard to use of force, lawful detentions and arrests.

19. Plaintiff further claims that the Defendants, CITY OF SANTA ANA and the SANTA ANA POLICE DEPARTMENT, directly and proximately caused the injuries and damages claimed by the Plaintiff by deliberate indifference towards the rights of the citizenry by hiring and retaining Defendants police officers B. SHANE and R. BELL, who had previously demonstrated a failure to follow constitutional policies with regard to probable cause, detentions and arrests, use of force and other constitutional rights of the citizenry.

20. As a result of this unconstitutional unwritten policy, custom and practice, the defendants and each of them, Plaintiff was wrongfully and unlawfully assaulted and battered, falsely imprisoned, handcuffed and unlawfully and wrongfully arrested without probable cause.

21. As a direct and proximate cause, Defendants, the CITY OF SANTA ANA and SANTA ANA POLICE DEPARTMENT, caused the injuries and damages of Plaintiff by their deliberate indifference of failing to provide adequate training to Defendant police officers PB. SHANE and R. BELL on probable cause, lawful use of force, and detentions and arrests.

22. Insofar as all the pendent state claims against Defendants, the CITY OF SANTA ANA, SANTA ANA POLICE DEPARTMENT, Defendants police officers B. SHANE and R. BELL on or about July 9, 2020, a formal Claim for Damages for Plaintiff was presented to the City of Santa Ana pursuant to California Government Code §911.2 et. seq.

COMPLAINT FOR CIVIL RIGHTS

23. On or about July 20, 2020, the City of Santa Ana through their Third Party Administrator, AdminSure, served Notice of Rejection of Claim.

## FIRST CAUSE OF ACTION
### (CIVIL RIGHTS)
### 42 U.S.C. 1983
### [All Defendants]

24. Plaintiff, SAUL MIRANDA, hereby repeats and repleads paragraphs 1 through 23 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

25. On or about April 25, 2020, the aforementioned Defendants, and each of them, while acting individually and under color of authority, wrongfully, intentionally, maliciously, wantonly, without probable cause or exigent circumstances and without a warrant wrongfully entered Plaintiff's residence, assaulted and battered, detained, handcuffed and arrested Plaintiff.

26. At all times herein mentioned, Defendant police officers B. Shane and R. Bell, entered Plaintiff's residential property through a side gate that is used for purposes of egress and ingress to the Plaintiff's backyard. Plaintiff was working on his vehicle, which was located on his property behind this side gate. Defendant police officers B. Shane and R. Bell forced the gate open and entered the property without consent, without a warrant, probable cause or exigent circumstances. Both officers accosted, attacked, battered and punched Plaintiff while using profanity. Plaintiff was forced to the ground and dragged. Once on the ground, Plaintiff was pinned down and handcuffed.

COMPLAINT FOR CIVIL RIGHTS

27.  At all times herein mentioned, Plaintiff remained in sustained fear for his life.

28.  Plaintiff was then lifted by these two officers and forced outside of his gate to the public street. While outside on the public street, plaintiff was brought before an unknown individual who advised the police officers that they had apprehended the wrong person.

29.  At all times herein mentioned, Plaintiff was innocent of any wrongdoing or crimes.

30.  After the initial confrontation and having committed no crime, Plaintiff's hands were placed behind his back, he was handcuffed and arrested without probable cause or a warrant.

31.  Plaintiff, having demonstrated no resistance and obeying all of the officer's verbal commands complied and was handcuffed without further incident. Once Plaintiff was handcuffed, he was not free to leave and hence, was under arrest.

32.  That the acts of the Defendants, and each of them, while acting under color of law, violated the Civil Rights of the Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the 4th Amendment of the United States Constitution made applicable to the states through the 14th Amendment of the United States Constitution.

33.  Defendants and each of them, intentionally and with deliberate indifference to the federal constitutional rights of the Plaintiff forcibly assaulted and battered, illegally detained and arrested Plaintiff. As a

COMPLAINT FOR CIVIL RIGHTS

further and proximate cause, Plaintiff remained handcuffed and was subsequently released at the scene.

34. No criminal charges were filed against Plaintiff.

35. Plaintiff, SAUL MIRANDA's constitutional rights as well as physical assault, battery, unlawful seizure and false imprisonment were violated by this unlawful arrest.

36. As a further and proximate result, Plaintiff was detained, handcuffed, arrested and remained handcuffed until he was released.

37. As a direct and proximate cause of the acts and omissions of Defendants, and each of them, Plaintiff suffered loss of liberty, sustained fear, apprehension of an immediate battery, wrongfully handcuffed (battery), assault, humiliation, embarrassment, personal indignity, anxiety, emotional pain, confinement, mental anguish and suffering, severe emotional distress, shock, degradation and sustained deprivation of his constitutional rights.

38. That the acts of the Defendants, and each of them, while acting under color of law, violated the Civil Rights of the Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the 4th Amendment of the United States Constitution made applicable to the states through the 14th Amendment of the United States Constitution and the California Constitution.

39. As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff is entitled an award of attorneys 'fees and costs pursuant to 42 U.S.C. § 1988.

COMPLAINT FOR CIVIL RIGHTS

40. As a further direct and proximate result, the acts of the Defendants, and each of them, were malicious, willful, and with the wrongful intent to injure the Plaintiff and in wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures. By reason thereof, the Plaintiff is entitled to exemplary damages against Defendants police officers B. SHANE and R. BELL in a sum according to proof at the time of trial.

## SECOND CAUSE OF ACTION
### (STATE CIVIL RIGHTS)
### Civ.Code § 52.1
### [All Defendants]

41. Plaintiff SAUL MIRANDA hereby repeats and repleads paragraphs 1 through 40 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

42. This State Civil Rights Cause of Action is being brought pursuant to California Civil Code Section 52.1, which enables and allows private citizens to sue for damages as a result of constitutional violations.

43. On or about April 25, 2020, the aforementioned Defendants, and each of them, while acting individually and under color of law and authority, wrongfully, maliciously, wantonly, brutally and viciously wrongfully entered Plaintiff's residence, assaulted and battered, unlawfully handcuffed, detained and arrested Plaintiff.

44. The detention and arrest of the Plaintiff was wrongful and malicious in that Defendants, and each of them, knew that Plaintiff was innocent of any wrongdoing.

45. That as a further direct and proximate cause of the conduct of the Defendants, and each of them, Plaintiff, SAUL MIRANDA was wrongfully assaulted, battered, detained, and arrested.

46. That the acts of the Defendants, and each of them, violated the Civil Rights of Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the California Constitution Article 1, Section 7 and 4th and 14th Amendments to the United States Constitution.

47. As a further and direct and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered personal injuries, emotional distress, unlawful arrest, unlawful detention and being handcuffed subjecting Plaintiff to loss of liberty and emotional distress.

48. As a further direct and proximate result, the acts of the Defendants, and each of them, was malicious, willful and with the wrongful intent to injure the Plaintiff and in a wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures. By reason thereof, the Plaintiff is entitled to attorneys' fees and costs according to proof.

49. As a further direct and proximate result, the acts of the Defendants, and each of them, were malicious, willful, and with the wrongful intent to injure the Plaintiff and in wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures, the ensuing assault and battery, detention and arrest. By reason thereof, the Plaintiff is entitled to exemplary damages against Defendants police officers B. SHANE and P. BELL in a sum according to proof.

# THIRD CAUSE OF ACTION
## (COMPLAINT FOR ASSAULT AND BATTERY)
### [All Defendants]

50. Plaintiff SAUL MIRANDA hereby repeats and repleads paragraphs 1 through 49 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

51. Plaintiff bring this action against Defendants and each of them pursuant to California Government Code §§ 815.2, 820.

52. In effectuating the wrongful seizure and detention of the Plaintiff, Defendant police officers, B. SHANE and R. BELL assaulted and battered the Plaintiff SAUL MIRANDA without legal justification, provocation or consent.

53. Defendant police officers B. SHANE and R. BELL entered Plaintiff's residence through an open garage door without a warrant, consent or probable cause. Plaintiff was sitting at his dining room table when the officers entered the residence. The officers punched the Plaintiff acutely in the face without warning and dragged the Plaintiff outside. The officers forced the Plaintiff to the ground, pinned him down and handcuffed him.

54. As a further and proximate result, Plaintiff is entitled to exemplary and punitive damages against all Defendant police officers B. SHANE and R. BELL, in an amount to be proven at the time of trial.

///
///
///

COMPLAINT FOR CIVIL RIGHTS

## FOURTH CAUSE OF ACTION
### (COMPLAINT FOR FALSE ARREST)
### [All Defendants]

55. Plaintiff SAUL MIRANDA hereby repeats and repleads paragraphs 1 through 54 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

56. Plaintiff brings this action against all Defendants pursuant to California Government Code §§ 815.2, 820 and California Penal Code §836.5.

57. Plaintiff alleges that the false arrest hereinafter plead was made without a warrant and absent reasonable, probable cause or exigent circumstances.

58. That on or about April 25, 2020, the aforesaid Defendants and each of them, seized the Plaintiff without a warrant, probable cause or exigent circumstances, while the Plaintiff was conducting himself in a peaceably and in a law-abiding manner.

59. As a direct and proximate result of the Defendants' conduct, Plaintiff was caused to be wrongfully and unlawfully assaulted and battered, detained and falsely arrested.

60. The aforesaid charges stemming from the arrest were unfounded and wholly false as Plaintiff did not at any time commit any crime or offense stated by the Defendants.  The Plaintiff did not commit any act which would give the Defendants any reasonable cause or probable cause whatsoever to believe that the Plaintiff was guilty of any crime or wrongdoing or sufficient cause to effectuate a detention or arrest.  In making the aforesaid arrest of the Plaintiff as herein alleged,

Defendants, and each of them, acted with deliberate malice and oppression.

61. That the Defendants, and each of them, acting in concert, acted with malice and oppression to effectuate the arrest of the Plaintiff, notwithstanding, that the detention and ensuing wrongful arrest of the Plaintiff was unlawful and without probable cause.

62. As a proximate result of the aforesaid conduct of the Defendants, and each of them, Plaintiff suffered loss of liberty, emotional distress, degradation, embarrassment and humiliation and other damages to be proven at the time of trial.

63. As a further direct and proximate result, Plaintiff is entitled to exemplary and punitive damages against the Defendants police officers B. SHANE and R. BELL in an amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE)
### [All Defendants]

64. Plaintiff SAUL MIRANDA hereby repeats and repleads paragraphs 1 through 63 of the above-referenced paragraphs and incorporate herein by reference as through fully set forth.

65. Defendants, and each of them, owed a duty of care to Plaintiff, as well as a statutory duty as law enforcement agencies and officers, to protect and serve the public and to prevent injury to others.

66. Defendants, and each of them breached this duty of care by failing to act with due care with regard to all duties owed by them to Plaintiff, proximately resulting in said injuries and damages and that such was a reasonably foreseeable consequence of aforesaid negligence.

COMPLAINT FOR CIVIL RIGHTS

67. Defendants, and each of them, were in a position of authority to prevent the wrongful assault and battery as well as Plaintiff's detention and arrest, and failed to do so. Said failure was in conscious and deliberate disregard of the civil rights of Plaintiff and for ensuing the injuries that Plaintiff would likely suffer as a result of the wrongful conduct.

68. Said negligence proximately caused the damages prayed for herein.

## SIXTH CAUSE OF ACTION
### (EMPLOYER'S NEGLIGENT HIRING, TRAINING, AND/OR RETENTION OF UNFIT EMPLOYEE)
### [All Defendants Except Individual Defendants]

69. Plaintiff SAUL MIRANDA hereby repeats and repleads paragraphs 1 through 68 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

70. The CITY OF SANTA ANA and SANTA ANA POLICE DEPARTMENT negligently hired and retained Defendants police officers B. SHANE and R. BELL, when it was known or should have been known by said Department and City that these officers had on prior occasions demonstrated propensities of using excessive force and further participated in the violation of 4th Amendment rights and use of excessive force on citizens.

71. Further, unlawful entry into Plaintiff's residence, the assault and battery, detention and arrest of Plaintiff SAUL MIRANDA was as a result of the failure of the CITY OF SANTA ANA and the SANTA ANA POLICE DEPARTMENT to adequately and sufficiently train Defendants police officers B. SHANE and R. BELL, as to proper police practices on the 4th Amendment rights of the citizenry including, but not limited to the law

on detention and arrests, probable cause and exigent circumstances, and use of force.

72. Defendants and each of them, breached this duty of due care by failing to act with due care with regard to all duties owed by them to Plaintiff, proximately resulting in the aforesaid injuries and damages and that such was reasonably foreseeable consequence of aforesaid negligence.

73. Defendants, and each of them, were in a position of authority to prevent the aforesaid wrongful and unlawful conduct. Said failure was in conscious and deliberate disregard of the civil rights of each Plaintiff and for the ensuing injuries and damages that the Plaintiff suffered as a result therefrom.

74. Said negligence proximately caused the damages prayed for herein.

75. All the above-described intentional acts and omissions by the officers, employees, agents and representatives of the CITY OF SANTA ANA and SANTA ANA POLICE DEPARTMENT were done with malice and with deliberate indifference to the rights, health, safety and welfare of the Plaintiff SAUL MIRANDA and therefore warrants the imposition of punitive or exemplary damages against Defendants police officers B. SHANE and R. BELL.

## SEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### [All Defendants]

76. Plaintiff SAUL MIRANDA hereby repeats and repleads paragraphs 1 through 75 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

COMPLAINT FOR CIVIL RIGHTS

77. The conduct of the aforementioned Defendants, and each of them, was intentional and malicious and calculated for the purpose of causing Plaintiff to suffer physical injuries, humiliation, mental anguish and emotional and physical distress.  The Plaintiff has been injured in mind and body, all to Plaintiff's damage in a sum to be ascertained at the time of trial.

78. Ad a direct and proximate result of the foregoing, Plaintiff has been, and in the future will be required to obtain the services of physicians, psychiatrist, therapists, and medical care in a sum as shall be shown to the court upon the trial of this action.

79. The Defendants' alleged acts were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages as to Defendants police officers B. SHANE and R. BELL.

## **DAMAGES FOR ALL CAUSES OF ACTION**

WHEREFORE, Plaintiff, SAUL MIRANDA, prays for judgment against the Defendants and each of them as follows:

1.  For all general damages according to proof;

2.  For all special damages according to proof;

3.  Loss of earnings and earning capacity according to proof;

4.  Attorneys' fees according to proof;

5.  Investigation costs;

6.  Costs of suit incurred herein; and

7.  All further and proper relief;

8.  For exemplary and punitive damages against Defendants police officers B. SHANE and R. BELL in an amount according to proof;

9.   For any other available relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Dated: 1/5/2021          MADRID LAW FIRM
                         A Professional Law Corporation

                         By: _____
                             EDUARDO M. MADRID, ESQ.
                             Attorney for Plaintiff
                             SAUL MIRANDA

COMPLAINT FOR CIVIL RIGHTS